UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ST. PAUL FIRE & MARINE
INSURANCE COMPANY, INC.,

      Plaintiff,

vs.                                        Case No. 8:06-CV-1855-JDW-TGW

LA FIRENZA, LLC and
BUSEY BANK,

      Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Abate Action for Declaratory Relief or in the Alternative Motion for Extension of Time to Respond to Complaint for Declaratory Relief (Dkt. 19), Plaintiff's Response in Opposition (Dkt. 21), Defendants' Motion for Leave to File Reply to Plaintiff's Response in Opposition to Defendants' Motion to Abate (Dkt. 23), and Plaintiff's Response in Opposition (Dkt. 24). Upon consideration, Defendants' Motion to Abate (Dkt. 19) is **GRANTED IN PART** and otherwise **DENIED AS MOOT**. Defendants' request to stay the present action is **GRANTED**.

Defendant, La Firenza, as owner, contracted with Core Construction Services, as contractor, for the construction of a project known as "New Construction of Luxury Condominiums, a Clubhouse and a Gatehouse, Longboat Key, FL." The contract contains an arbitration provision providing that any claim "arising out of or relating to the [c]ontract" except for certain specified claims "shall be subject to arbitration," with the American Arbitration Association. (Dkt. 19 at Ex. A, § 4.6). In August 2006, La Firenza terminated Core. Core initiated arbitration proceedings with

1

La Firenza pursuant to the arbitration provision, disputing the propriety of its termination. St. Paul Fire & Marine Insurance Company, Inc. (St. Paul) is not a party to the arbitration proceeding.

St. Paul issued a performance bond naming Core as principal, St. Paul as surety and La Firenza and Busey Bank as obligees.[1] The bond provides that "[w]henever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly" complete the contract or obtain bids for completing the contract pursuant to certain terms. (Dkt. 1 at Ex. A, p.2). The construction contract was, by reference, made a part of the bond. (Dkt. 19-5)("Contractor has by written agreement dated January 28, 2004 entered into a contract with Owner . . . which contract is by reference made a part hereof . . .").

St. Paul brought this declaratory action pursuant to 28 U.S.C. § 2201(a)[2] seeking declaratory judgment regarding its obligation to La Firenza and Busey under the performance bond. La Firenza seeks to "abate and/or stay" St. Paul's action for declaratory relief based on the arbitration between La Firenza and Core, which remains pending. (Dkt. 19 at p.2). La Firenza argues that this litigation will duplicate issues subject to the arbitration. St. Paul responds that the issues presented in this action are separate and distinct from those presented in the pending arbitration. St. Paul seeks a declaration that it has no obligation to La Firenza or Busey under the bond. (Dkt. 1). St. Paul alleges that "[t]he declaration St. Paul seeks relates only to whether it remains liable to the Owner or the

---

[1] Busey Bank was added as an obligee by a Dual Obligee Rider. (Dkt. 1 at Ex. B).

[2] The Declaratory Judgment Act provides, in part, that "[i]n a case of actual controversy within its jurisdiction, ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

Bank. St. Paul does not seek a declaration regarding the propriety of the Owner's termination of Core." (Dkt. 1 at ¶ 25).

La Firenza argues that the action for declaratory judgment should be stayed during the pendency of the arbitration for three reasons: (1) pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and the laws of the State of Florida, formal litigation should be abated when arbitration is pending; (2) formal federal litigation should be abated when it duplicates binding arbitration proceedings; and (3) federal court declaratory actions should be abated when there exists uncertainty as to whether the interest of the surety will be activated by the arbitration. (Dkt. 19).

Here, there is no pending state court litigation. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), on which defendants rely, does not therefore control. *See Am. Cas. Co. of Reading, Penn. v. Sanders Hyland Corp.*, 2007 WL 841743, at *6 (S.D. Ala. March 16, 2007) ("[t]here is no parallel state proceeding in this matter and, therefore, the *Brillhart* abstention doctrine is inapplicable"); *see also Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n.10 (11th Cir. 2000). Nevertheless, in this case, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), courts do have "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.* at 288.

Here, the significance of the pendency of the arbitration proceeding, particularly as it may pertain to the rights and liabilities of St. Paul and its principal, must be considered. While it cannot be said that the instant declaratory action serves no purpose, the resolution of the arbitration proceeding may render this declaratory action unnecessary, as it pertains to the termination of Core.

For example, if it is determined that LaFirenza's termination of Core was unjustified, St. Paul would have no obligation under its bond to LaFirenza and Busey. In that circumstance, this declaratory action would not present an actual controversy and Article III jurisdiction would be lacking. It would serve no purpose, therefore, to address the merits of the issues raised in this action if those issues could be rendered moot as a result of the arbitration. Rather, judicial efficiency warrants a stay until the arbitration proceeding runs its course.

Moreover, although St. Paul is not a party to the arbitration proceeding, given its relationship to Core as its principal under the bond, the same policy considerations favoring the resolution of disputes through arbitration support a stay of this declaratory action. "[W]here a surety has actual notice of arbitration proceedings instituted against its principal, the surety will be bound by an arbitration determination against its principal...." *Fewox v. McMerit Constr. Co.*, 556 So. 2d 419, 425 (Fla. 2d DCA 1989). Under Florida law, courts should "indulge every reasonable presumption in favor of arbitration, a favored means of dispute resolution." *K.P. Meiring Constr., Inc. v. Northbay I & E, Inc.*, 761 So. 2d 1221, 1223 (Fla. 2d DCA 2000). "As a general premise, '[a]rbitration is especially appropriate in situations involving issues that are unique to certain industries and which require specialized knowledge for their resolution'." *Id.* at 1223 (quoting *Lake Plumbing, Inc. v. Seabreeze Constr. Corp.*, 493 So. 2d 1100, 1102 (Fla. 2d DCA 1986)). "[T]he construction industry is such an industry." *Id.*

Florida courts have stayed litigation pending arbitration where it cannot be said that "resolution of the arbitrable claims will have no effect" on the pending litigation. *Am. Int'l Group, Inc. v. Cornerstone Bus., Inc.*, 872 So. 2d 333, 338 (Fla. 2d DCA 2004) (citing *Okeelanta Corp. v. U.S. Sugar Corp.*, 712 So. 2d 814, 815 (Fla. 2d DCA 1998)). "Where the claims involving a third party are 'based on the same operative facts and are inherently inseparable' from the claims subject

4

to arbitration," a stay is appropriate. *Id.* (citing *Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000)). Here, as discussed, an arbitration result in favor of Core renders the declaratory relief sought in this action unnecessary. Accordingly, it cannot be said that the "resolution of the arbitrable claims will have no effect" on this declaratory action. Where an arbitration will eliminate issues in a related action filed against a surety on a bond, the bond litigation should be stayed to avoid unnecessary litigation. *See Kidder Elec. of Fla. v. U.S. Fid. & Guaranty*, 530 So. 2d 475, 477 (Fla. 5th DCA 1988). Finally, there is no conceivable prejudice to St. Paul in staying this action until the resolution of the arbitration proceeding.

Neither party argues that this action is subject to arbitration.[3] However, in response to Defendants' argument that Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3 supports the requested stay, St. Paul argues that the FAA is inapplicable because there is no written agreement to arbitrate between St. Paul and La Firenza.[4] St. Paul's argument is mistaken, however, as its bond

---

[3] "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation omitted). Generally, courts "should apply ordinary state-law principles that govern the formation of contracts" when determining whether parties have agreed to arbitrate a certain matter. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001)(state law governs interpretation and formation of arbitration agreements while Federal law establishes their enforceability); *see also Senti v. Sanger Works Factory, Inc.*, 2007 WL 1174076, at *5 (M.D. Fla. April 18, 2007).

[4] Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, provides for a mandatory stay of the trial of an action brought "upon any issue referable to arbitration under an agreement in writing for such arbitration." *Klay v. All Defendants*, 389 F.3d 1191, 1203 (11th Cir. 2004), *cert. denied*, 544 U.S. 1061 (2005).

The FAA applies, in part, to contracts "evidencing a transaction involving commerce," which is defined as interstate commerce. 9 U.S.C. §§ 1, 2. Notwithstanding that neither party has briefed the issue of whether the applicable contracts in the present case involve interstate commerce, the words "involving commerce" have been broadly construed to include any commerce "affecting" interstate commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 273-74 (1995); *see also Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 874-75 (11th Cir. 2005), *cert denied*, 126 S.Ct. 1457, (2006); *see also Huber, Hunt & Nichols, Inc. v. Architectural Stone Co., Inc.*, 625 F.2d 22, 25 (5th Cir. 1980) (remanding where it appeared likely that the performance of a contract between parties from different states "necessarily entailed interstate commerce").

incorporates by reference the underlying construction contract between LaFirenza and Core. Moreover, the arbitration provision in that contract contemplates the participation of "other persons substantially involved in a common question of fact or law whose presence is required if complete relief is to be accorded in arbitration." (Dkt. 19 at Ex. A, §4.6.4).

In Florida, sureties are bound to arbitrate disputes where the bond incorporates an underlying contract containing an arbitration provision. *Henderson Invest. Corp. v. Int'l Fid. Ins. Co.*, 575 So. 2d 770, 772 (Fla. 5th DCA 1991)("It is a general rule of contract law that where a writing expressly describes another document, the other document is to be interpreted as part of the writing.") *Id.* at 771 (citing *OBS Co., Inc. v. Pace Constr. Corp.*, 558 So. 2d 404 (Fla. 1990)); *St. Paul Fire & Marine Ins. Co. v. Woolley/Sweeney Hotel*, 545 So. 2d 958 (Fla. 4th DCA 1989); *U.S. Fid. and Guar. Co. v. West Point Constr. Co., Inc.*, 837 F.2d 1507 (11th Cir. 1988)(surety bound to submit its dispute to arbitration by virtue of incorporation of subcontract containing general arbitration clause into performance bond); *Firemen's Ins. Co. of Newark, N.J. v. Edgewater Beach Owner's Assoc., Inc.*, 1996 WL 509720, at *2 (N.D. Fla. June 25, 1996) ("[i]t is well settled that where a performance bond incorporates the provisions of a contract, the arbitration provisions of the contract are made a part of the bond and are applicable to disputes involving the surety").

To the extent St. Paul relies on *American Home Assurance Company v. Larkin General Hospital, Ltd.*, 593 So. 2d 195 (Fla. 1992), that case does not conflict with the above cases which found sureties subject to arbitration where a bond incorporates an underlying construction contract containing an arbitration provision. Rather, *American Home Assurance Company* adheres to the same principle underlying those cases, that "[a] bond is a contract, and, therefore, a bond is subject to the general laws of contracts." *Id.* at 197; *see also Auto Owners Ins. Co. v. Travelers Cas. &*

*Surety Co.*, 227 F. Supp. 2d 1248, 1265 n.24 (M.D. Fla. 2002) ("the incorporation of an arbitration provision arguably does not enlarge a surety's obligation and merely requires that the parties procedurally adjudicate the alleged breach of the construction contract and claim pursuant to the bond through arbitration rather than a lawsuit").

Although no party has demanded arbitration, a stay of this action would be consistent with the intent and purpose of the FAA. Accordingly, it is **ORDERED**:

(1) Defendants' Motion to Abate Action for Declaratory Relief and in the Alternative Motion for Extension of Time to Respond to Complaint for Declaratory Relief (Dkt. 19) is **GRANTED IN PART**. Defendants' request for a stay pending resolution of the arbitration is **GRANTED**. Defendants' request for an extension of time to respond to the Complaint is **DENIED AS MOOT**;

(2) Defendants' Motion for Leave to File a Reply to Plaintiff's Response (Dkt. 23) is **DENIED**;

(3) The Clerk is directed to administratively close the file;

(4) The parties shall file a joint status report with the Court within fifteen (15) days of a final determination made in the arbitration proceeding.

**DONE AND ORDERED** in chambers this ___5th___ day of July, 2007.

/s/ Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

7